UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAOCHEN LI, et al.,
Plaintiffs,
v.
WERIDE INC., et al.,
Defendants.

Case No. 25-cv-06650-EKL

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 16

Plaintiffs Haochen Li and Yu Wang filed this action in state court against their former employers, Defendants WeRide Corp. and WeRide Inc., alleging that Defendants improperly required Plaintiffs to pay applicable taxes to maintain restricted stock units ("RSUs") when they vested in October 2024. Plaintiffs assert state law claims against Defendants, including violations of the California Labor Code, breach of contract, and negligence. Defendants filed a notice of removal, asserting that Plaintiffs' negligence claim requires interpretation of federal tax law to determine whether Defendants breached a duty, thus giving rise to federal question jurisdiction. Notice of Removal at 4, ECF No. 1.[1] Plaintiffs dispute this premise and move to remand for lack of subject matter jurisdiction. Mot. to Remand, ECF No. 16 ("Mot."). Having considered the parties' briefs, legal authority, and argument held on April 8, 2026, the Court GRANTS the motion to remand for the reasons set forth below.[2]

[1] Because the notice of removal is not paginated, the Court cites the ECF page numbers when referencing this filing.

[2] This Order assumes the reader's familiarity with the facts of the case, the applicable legal standards, and the arguments made by the parties.

United States District Court
Northern District of California

### A. Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When an action is originally filed in state court, "[a] defendant may remove [it] to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). Because Defendants do not dispute that the Court lacks diversity jurisdiction,[3] this Order focuses its discussion on federal question jurisdiction.

Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). This rule focuses "solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *Id.* (citation modified). "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint[.]" *Id.* at 904 (quoting *Caterpillar*, 482 U.S. at 393). "Therefore, as the 'master of the claim,' the plaintiff can generally avoid jurisdiction by exclusive reliance on state law.'" *Id.* (quoting *Caterpillar*, 482 U.S. at 392).

There are a limited number of exceptions to the well-pleaded complaint rule. One "special and small category" is state law claims that are deemed to arise under federal law "because federal law is a necessary element of the . . . claim for relief." *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2016) (citation modified); *see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983) (A case "arises under" federal law if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."). "Only a few cases have fallen into this 'slim category[.]'" *City of Oakland*, 969

---

[3] Defendants initially invoked diversity jurisdiction as well. Notice of Removal at 3, 5. However, Defendants later appeared to concede the lack of diversity jurisdiction at hearing and in their opposition, as they failed to respond to Plaintiffs' argument that WeRide Inc.'s principal place of business is in California. *See* Mot. at 6-8; Opp. to Mot. to Remand, ECF No. 20 ("Opp.").

F.3d at 904 (quoting *Empire HealthChoice*, 547 U.S. at 701). These include: "(1) a series of quiet-title actions from the early 1900s that involved disputes as to the interpretation and application of federal law," "(2) a shareholder action seeking to enjoin a Missouri corporation from investing in federal bonds on the ground that the federal act pursuant to which the bonds were issued was unconstitutional," and "(3) a state-quiet title action claiming that property had been unlawfully seized by the Internal Revenue Service" ("IRS"). *Id.* (citations omitted). "In other cases where parties have sought to invoke federal jurisdiction for state-law claims," the Supreme Court has held that federal jurisdiction was lacking, "even when the claims were premised on violations of federal law . . . or required the interpretation and application of a federal statute in a hypothetical case underlying a legal malpractice claim." *Id.* (citations omitted).

**B. Discussion**

To determine whether federal jurisdiction over a state-law claim will lie for purposes of § 1331, the Supreme Court has articulated a four-part test that considers whether a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). All four requirements must be met. *City of Oakland*, 969 F.3d at 904-05 (noting that the Supreme Court "has often focused on the third requirement"). The Court addresses the third and fourth requirements and finds neither is satisfied.

**1. Third Requirement**

The third requirement poses the question of whether a case "turns on substantial questions of federal law." *Id.* at 905 (citation modified). "This inquiry focuses on the importance of a federal issue to the federal system as a whole." *Id.* (citation modified). "An issue has such importance" when: (1) "it raises substantial questions as to the interpretation or validity of a federal statute"; (2) "it challenges the functioning of a federal agency or program"; or (3) "it is a pure issue of law that directly draws into question the constitutional validity of an act of Congress, or challenges the actions of a federal agency, and a ruling on the issue is both dispositive of the case and would be controlling in numerous other cases." *Id.* (citation modified). "By contrast, a

federal issue is not substantial if it is 'fact-bound and situation-specific,' or [it] raises only a hypothetical question unlikely to affect interpretations of federal law in the future." *Id.* (first quoting *Empire HealthChoice*, 547 U.S. at 701; and then citing *Gunn*, 568 U.S. at 261).

The third requirement is not satisfied here. Plaintiffs' fourth cause of action for negligence alleges that Defendants breached their duty of care by not complying with 26 U.S.C. § 3402 and by requiring Plaintiffs to pay taxes to maintain their RSUs. Notice of Removal, Ex. A ¶¶ 47, 49 (asserting that § 3402 imposes a duty "on all employers to withhold from their employees an amount to be determined in accordance with the IRS regulations as income taxes"). This is a negligence per se theory, and "[t]he question of this violation," causation, and injury would be submitted to the jury. Opp. at 5 (citing Judicial Council of Cal. Civil Jury Instr. 418;[4] *Nunneley v. Edgar Hotel*, 36 Cal. 2d 493, 500 (1950)).

Plaintiffs' negligence claim does not raise substantial questions of federal law. It does not question the validity of the Internal Revenue Code or raise questions as to the functioning of the IRS. *See Smith v. Kan. City Title & Trust Co.*, 255 U.S. 180, 201 (1921); *Grable*, 545 U.S. at 314-15. Nor does it present a pure issue of law that directly draws into question "the constitutional validity of an act of Congress," *Smith*, 255 U.S. at 201, or that "would be controlling in numerous other cases," *Empire HealthChoice*, 547 U.S. at 700 (citing *Grable*, 545 U.S. at 313). Rather, the determination of Plaintiffs' negligence claim will be "'fact-bound and situation-specific.'" *City of Oakland*, 969 F.3d at 905 (quoting *Empire HealthChoice*, 547 U.S. at 701); *see also Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 62 (2013) (describing how the negligence "analysis is limited to 'the specific action the plaintiff claims the particular [defendant] had a duty to undertake in the particular case'" (citation omitted)). A jury will be asked to determine whether Defendants violated § 3402, and whether the violation "was a substantial factor in bringing about the harm." Judicial Council of Cal. Civil Jury Instr. 418. Because Plaintiffs' negligence claim and its reliance on § 3402 is of little importance "to the federal system as a whole," it does not raise a substantial question of federal law. *Gunn*, 568 U.S. at 26.

[4] This jury instruction addresses the presumption of negligence per se.

Defendants attempt to analogize this case to *Grable*, arguing that both cases involve "a question of the interpretation of federal tax law." Opp. at 2-3, 6 (citing *Grable*, 545 U.S. at 311-12, 315). In *Grable*, the plaintiff brought a quiet title claim in state court, arguing that it had superior title to property that the IRS seized to satisfy the plaintiff's tax delinquencies and later sold to the defendant. The plaintiff alleged that the IRS had provided improper notice of the seizure, under a provision of the federal tax code. *Grable*, 545 U.S. at 310-11. In concluding that the meaning of 26 U.S.C. § 6335 was "an important issue of federal law that sensibly belongs in a federal court," the Court emphasized that the federal government has a strong interest in the prompt collection of delinquent taxes and "a direct interest in the availability of a federal forum to vindicate its own administrative action." *Id.* at 315 (noting that both buyers and tax delinquents also have a strong interest in clear notice and "may find it valuable to come before judges used to federal tax matters"). In contrast, here, there is no administrative agency action at issue, and the IRS does not have an important stake in the case; nor does this case directly impact others outside of the Defendants and possibly their former employees. Accordingly, *Grable* does not change the outcome here.[5]

Finally, Defendants argue that Congress's decision to bar a private right of action under 26 U.S.C. § 3402 "directly implicates . . . the Supremacy Clause" and raises a substantial federal issue. Opp. at 6-8; *Bright v. Bechtel Petrol., Inc.*, 780 F.2d 766, 770 (9th Cir. 1986) (noting that private lawsuits under § 3402 are "statutorily barred" by 26 U.S.C. § 3403). This argument is unpersuasive. In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, the Supreme Court considered a state tort claim resting in part on an allegation that the defendant drug company had violated the

[5] Defendants' other cited authorities are distinguishable. *See, e.g.*, *Hornish v. King County*, 899 F.3d 680 (9th Cir. 2018); *Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272 (9th Cir. 2018). In *Hornish*, the plaintiffs filed suit seeking a "declaration of their property rights" after a federal agency "railbanked" a railroad corridor that was "adjacent to or bisecting" the plaintiffs' "residential lots." 899 F.3d at 686. In contrast to this case, the government had "a strong interest in both facilitating trail development and preserving established railroad rights-of-way for future reactivation of rail service." *Id.* at 690-91. In *Independent Living*, the plaintiffs filed a writ of mandamus seeking attorneys' fees under California Code of Civil Procedure § 1085. 909 F.3d at 276. Unlike here, the plaintiffs' claim "broadly raised the question of whether state legislation conflicted with Medicaid requirements," and the answer had a nationwide impact on Medicaid funding. *Id.* at 279.

United States District Court
Northern District of California

Federal Food, Drug, and Cosmetic Act ("FDCA") labeling requirements and was thus presumptively negligent under Ohio law. 478 U.S. 804, 805-06 (1986). The Court concluded that there was no federal question jurisdiction even though the complaint alleged "a violation of a federal statute as an element of a state cause of action," and "Congress ha[d] determined that there should be no private, federal cause of action for the violation." *Id.* at 817 (noting that "[t]he novelty of an FDCA issue is not sufficient to give it status as a federal cause of action; nor should it be sufficient to give a state-based FDCA claim status as a jurisdiction-triggering federal question"); *Grable*, 545 U.S. at 318 (discussing *Merrell Dow* and the continuing importance of the contextual inquiry regarding the existence of a federal private right of action). This Court reaches the same conclusion here.

**2. Fourth Requirement**

The fourth "requirement is concerned with the appropriate 'balance of federal and state judicial responsibilities.'" *Gunn*, 568 U.S. at 264 (citation omitted). This requirement also suggests that remand to state court is appropriate. "The violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings." *Grable*, 545 U.S. at 318 (citation modified). While discussing *Merrell Dow*, the Supreme Court in *Grable* described how exercising federal jurisdiction over "garden variety state tort" claims or "state claims resting on . . . statutory violations" could "herald[] a potentially enormous shift of traditionally state cases into federal courts." *Id.* at 318-19 (citation omitted). The Court explained, with this concern in mind: "*Merrell Dow* thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law 'solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law.'" *Id.* at 319 (citation omitted). The same concern is present here where Plaintiffs bring a negligence per se claim invoking a statutory violation of 26 U.S.C. § 3402, which does not provide a private right of action. Accordingly, the fourth requirement weighs against exercising jurisdiction.

* * *

United States District Court
Northern District of California

In sum, because the third and fourth requirements are not satisfied, the Court concludes that Plaintiff's right to relief does not arise under federal law for purposes of § 1331.

**C. Conclusion**

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction and GRANTS Plaintiffs' motion to remand. This case is REMANDED to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated: September 1, 2026

Eumi K. Lee
United States District Judge